IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REGINA ANN CLARK,                       :

    Plaintiff,                         :

v.                                      :     CA 11-00375-C

MICHAEL J. ASTRUE,
Commissioner of Social Security,        :

    Defendant.                         :

## MEMORANDUM OPINION AND ORDER

The plaintiff brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI").  The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Doc. 18 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").)  Upon consideration of the administrative record ("R.") (Doc. 12), the plaintiff's brief (Doc. 13), and the Commissioner's brief (Doc. 14),[1] it

---

[1] The plaintiff filed an unopposed motion to waive oral argument (Doc. 17), which was granted (*see* Doc. 19).

is determined that the Commissioner's decision denying the plaintiff benefits should be **reversed and remanded** for further proceedings not inconsistent with this decision.[2]

## Procedural Background

On December 29, 2008, the plaintiff filed an application for DIB and SSI (R. 98, 149-156), alleging disability beginning December 1, 2007. Her application was initially denied on April 3, 2009. (*See* R. 99-104.) A hearing was then conducted before an Administrative Law Judge on June 3, 2010 (*see* R. 28-61). On July 28, 2010, the ALJ issued a decision finding that the claimant was not disabled (R. 11-24), and the plaintiff sought review from the Appeals Council. The Appeals Council issued its decision declining to review the ALJ's determination on May 13, 2011 (*see* R. 1-5)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on July 11, 2011 (*see* Doc. 1).

## Standard of Review and Claims on Appeal

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the plaintiff has met this burden, the examiner must

---

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 15 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the

3

evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

On appeal to this Court, the plaintiff asserts three separate grounds why the Commissioner's decision denying her benefits should be reversed:

1.  The ALJ's RFC failed to incorporate Ms. Clark's manipulative limitations, which are supported by the evidence of record;

2.  The ALJ failed to fully develop the record by ordering a psychiatric consultative evaluation; and

3.  The ALJ failed to properly consider Ms. Clark's medication side effects in regard to her ability to perform work.

Because the Court determines that the decision of the Commissioner should be reversed and remanded for further proceedings based on its consideration of the plaintiff's first ground, there is no need for the Court to consider the plaintiff's other grounds. *See Robinson v. Massanari*, 176 F. Supp. 2d 1278, 1280 & n.2 (S.D. Ala. 2001); *cf. Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

## Discussion

The ALJ in this matter determined that the plaintiff has the RFC to perform less than a full range of light work. Specifically, the ALJ's fifth finding is:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 C.F.R. 44.1567(b) and 416.967(b). She is unable to stand or walk for prolonged periods of more than thirty minutes at a time

> or more than two hours in an eight hour workday. She can occasionally operate foot controls, climb stairs and ramps, bend, and stoop. She can rarely kneel, crouch, and crawl. She is unable to climb ladders, scaffolds, or ropes or work around unprotected heights or dangerous equipment. She is unable to tolerate exposure to temperature extremes, humidity or wetness, or concentrated environmental pollutants.

(R. 18.)

The plaintiff contends that this RFC determination "fail[s] to incorporate [ ] manipulative limitations[, imposed by her treating physician, Dr. Hussain (*see* R. 222),] supported by the evidence of the record." (Doc. 13 at 4; *see id.* at 4-7.) Prior to considering this specific issue, it is first necessary for the Court, once again, to set forth the proper analysis for consideration of RFC issues raised in cases like this one.

    A.    <u>The Commissioner's RFC Assessment.</u>

The Eleventh Circuit has made clear that "[r]esidual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Peeler v. Astrue*, 400 Fed. App'x 492, 493 n.2 (11th Cir. Oct. 15, 2010) (per curiam) (citing 20 C.F.R. § 416.945(a)). Stated somewhat differently, "[a] claimant's RFC is 'that which [the claimant] is still able to do despite the limitations caused by his . . . impairments.'" *Hanna v. Astrue*, 395 Fed. App'x 634, 635 (11th Cir. Sept. 9, 2010) (per curiam) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004)). "In making an RFC determination, the ALJ must consider the record evidence, including evidence of non-severe impairments." *Id.* (citation omitted); *compare* 20 C.F.R. § 416.945(a)(1) ("We

will assess your residual functional capacity based on all the relevant evidence in your case record."), *with* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all the relevant medical and other evidence.").

From the foregoing, it is clear that the ALJ is responsible for determining a claimant's RFC—a deep-seated principle of Social Security law, *see* 20 C.F.R. § 416.946(c) ("If your case is at the administrative law judge hearing level under  § 416.1429 or at the Appeals Council review level under § 416.1467, the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity."), that this Court has never taken issue with.  *See, e.g., Hunington ex rel. Hunington v. Astrue*, No. CA 08-0688-WS-C, 2009 WL 2255065, at *4 (S.D. Ala. July 28, 2009) ("Residual functional capacity is a determination made by the ALJ[.]") (order adopting report and recommendation of the undersigned).  The regulations provide, moreover, that while a claimant is "responsible for providing the evidence [the ALJ] . . . use[s] to make a[n] [RFC] finding[,]" the ALJ is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary," and helping the claimant get medical reports from her own medical sources.  20 C.F.R. § 416.945(a)(3).  In assessing RFC, the ALJ must consider any statements about what a claimant can still do "that have been provided by medical sources," as well as

"descriptions and observations" of a claimant's limitations from her impairments, "including limitations that result from [] symptoms, such as pain[.]"  *Id.*

In determining a claimant's RFC, the ALJ considers a claimant's "ability to meet the physical, mental, sensory, or other requirements of work, as described in paragraphs (b), (c), and (d) of this section."  20 C.F.R. § 416.945(a)(4).

> (b) *Physical abilities.*  When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis.  A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work.
>
> (c) *Mental abilities.*  When we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a regular and continuing basis.  A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work-setting, may reduce your ability to do past work and other work.
>
> (d) *Other abilities affected by impairment(s).*  Some medically determinable impairment(s), such as skin impairment(s), epilepsy, impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions, may cause limitations and restrictions which affect other work-related abilities.  If you have this type of impairment(s), we consider any resulting limitations and restrictions which may reduce your ability to do past work and other work in deciding your residual functional capacity.

20 C.F.R. § 416.945(b), (c) & (d).

Against this backdrop, this Court starts with the proposition that an ALJ's RFC determination necessarily must be supported by substantial evidence. *Compare Figgs v. Astrue*, No. 5:10–cv–478–Oc–18TBS, 2011 WL 5357907, at *1-2 (M.D. Fla. Oct. 19, 2011) ("Plaintiff argues that the ALJ's residual functional capacity ('RFC') determination is not supported by substantial evidence. . . . [The] ALJ's RFC Assessment is [s]upported by substantial record evidence[.]"), *report & recommendation approved*, 2011 WL 5358686 (M.D. Fla. Nov. 3, 2011), *and Scott v. Astrue*, No. CV 110–052, 2011 WL 2469832, at *5 (S.D. Ga. May 16, 2011) ("The ALJ's RFC Finding Is Supported by Substantial Evidence[.]"), *report & recommendation adopted*, 2011 WL 2461931 (S.D. Ga. June 17, 2011), *with Green v. Social Sec. Admin.*, 223 Fed. App'x 915, 923-24 (11th Cir. May 2, 2007) (per curiam) ("Green argues that without Dr. Bryant's opinion, there is nothing in the record for the ALJ to base his RFC conclusion that she can perform light work. . . . Once the ALJ determined that no weight could be placed on Dr. Bryant's opinion of [] Green's limitations, the only documentary evidence that remained was the office visit records from Dr. Bryant and Dr. Ross that indicated that she was managing her respiration problems well, that she had controlled her hypertension, and that her pain could be treated with over-the-counter medication. Thus, substantial evidence supports the ALJ's determination that Green could perform light work."). And while, as explained in *Green*, an ALJ's RFC assessment may be supported by substantial evidence even in the absence of an opinion by an examining medical source about a claimant's residual

8

functional capacity, specifically because of the hearing officer's decision to give less than controlling weight to such an opinion,[3] 223 Fed. App'x at 923-24; *see also id.* at 923 ("Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ."), **_nothing_** in *Green* can be read as suggesting anything contrary to those courts—including this one—that have staked the position that the ALJ must **_link_** the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.[4] *Compare, e.g.,*

---

[3] An ALJ's articulation of reasons for giving less than controlling weight to a treating source's RFC assessment must, of course, be supported by substantial evidence. *See, e.g., Gilabert v. Commissioner of Soc. Sec.*, 396 Fed. App'x 652, 655 (11th Cir. Sept. 21, 2010) (per curiam) ("Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. In this case, therefore, the critical question is whether substantial evidence supports the ALJ's articulated reasons for rejecting Thebaud's RFC.") (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)); *D'Andrea v. Commissioner of Soc. Sec. Admin.*, 389 Fed. App'x 944, 947-48 (11th Cir. July 28, 2010) (per curiam) (same).

[4] In *Green*, such linkage was easily identified since the documentary evidence remaining after the ALJ properly gave less than controlling weight to the RFC opinion of the treating physician "was the office visit records from Dr. Bryant and Dr. Ross that indicated that [claimant] was managing her respiration problems well, that she had controlled her hypertension, and that her pain could be treated with over-the-counter medication." 223 Fed. App'x at 923-24. Based upon such nominal clinical findings, the court in Green found "substantial evidence support[ing] the ALJ's determination that Green could perform light work." *Id.* at 924; *see also Hovey v. Astrue*, Civil Action No. 1:09CV486-SRW, 2010 WL 5093311, at *13 (M.D. Ala. Dec. 8, 2010) ("The Eleventh Circuit's analysis in *Green*, while not controlling, is persuasive, and the court finds plaintiff's argument . . . that the ALJ erred by making a residual functional capacity finding without an RFC assessment from a physician without merit. In formulating plaintiff's RFC in the present case, the ALJ—like the ALJ in *Green*—relied on the office treatment notes of plaintiff's medical providers.").

*Saunders v. Astrue*, Civil Action No. 1:11cv308–WC, 2012 WL 997222, at *5 (M.D. Ala. Mar. 23, 2012) ("It is unclear how the ALJ reached the conclusion that Plaintiff 'can lift and carry up to fifty pounds occasionally and twenty-five pounds frequently' and sit, stand and/or walk for six hours in an eight hour workday, [] when the record does not include an evaluation of Plaintiff's ability to perform work activities such as sitting, standing, walking, lifting, bending, or carrying."), *with* 20 C.F.R. § 416.945(b), (c) & (d).

Indeed, the Eleventh Circuit appears to agree that such linkage is necessary for federal courts to conduct a meaningful review of an ALJ's decision. For example, in *Hanna*, the panel noted that

> [t]he ALJ determined that Hanna had the RFC to perform a full range of work at all exertional levels but that he was limited to 'occasional hand and

---

Therefore, decisions, such as *Stephens v. Astrue*, No. CA 08-0163-C, 2008 WL 5233582 (S.D. Ala. Dec. 15, 2008), in which a matter is remanded to the Commissioner because the "ALJ's RFC determination [was not] supported by substantial and tangible evidence" still accurately reflect the view of this Court, but not to the extent that such decisions are interpreted to require that "substantial and tangible evidence" *must—in all cases—include* an RFC or PCE from a physician. *See id.* at *3 ("[H]aving rejected West's assessment, the ALJ *necessarily had to* point to a PCE which supported his fifth-step determination that Plaintiff can perform light work activity.") (emphasis added). But, because the record in *Stephens*

> contain[ed] no physical RFC assessment beyond that performed by a disability examiner, which is entitled to no weight whatsoever, there [was] simply no basis upon which this court [could] find that the ALJ's light work RFC determination [was] supported by substantial evidence. [That] record [did] not reveal evidence that would support an inference that Plaintiff [could] perform the requirements of light work, and certainly an ALJ's RFC determination must be supported by substantial and tangible evidence, not mere speculation regarding what the evidence of record as a whole equates to in terms of physical abilities.

*Id.* (citing *Cole v. Barnhart*, 293 F. Supp. 2d 1234, 1242 (D. Kan. 2003) ("The ALJ is responsible for making a RFC determination, and he must link his findings to substantial evidence in the record and explain his decision.")).

finger movements, overhead reaching, and occasional gross and fine manipulation.' In making this determination, the ALJ relied, in part, on the testimony of the ME. . . .

The ALJ's RFC assessment, as it was based on the ME's testimony, is problematic for many reasons. . . . [G]iven that the ME opined only that Hanna's manipulation limitations were task-based without specifying how often he could perform such tasks, it is unclear how the ALJ concluded that Hanna could occasionally engage in all forms of hand and finger movements, gross manipulation, and fine manipulation. . . .

The ALJ also agreed with the VE's testimony that, under the RFC determination, Hanna could return to his past work. *But this conclusion is not clear from the record.* The VE answered many hypothetical questions and initially interpreted the ME's assessment to mean that Hanna's gross manipulation abilities were unlimited and so, with only a restriction to fine manipulation, he could perform his past relevant work. In a separate hypothetical, the VE stated that a claimant could not return to his past work as a packaging supervisor if restricted to occasional fingering, handling, and gross and fine manipulation. The ALJ also did not include the ME's steadiness restriction in the RFC assessment; and the VE testified that a person restricted to handling that required steadiness would not be able to return to Hanna's past work. *The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.* The ALJ has not done so here. To the extent the ALJ based Hanna's RFC assessment on hearing testimony by the ME and VE, the assessment is inconsistent with the evidence. The ALJ did not explicitly reject any of either the ME's or VE's testimony or otherwise explain these inconsistencies, the resolution of which was material to whether Hanna could perform his past relevant work. *Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review Hanna's case."*

395 Fed. App'x at 635-36 (emphasis added and internal citations and footnotes omitted);

see also *Ricks v. Astrue*, No. 3:10–cv–975–TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) ("'The existence of substantial evidence in the record favorable to the Commissioner may not insulate the ALJ's determination from remand when he or she

does not provide a *sufficient rationale to link such evidence to the legal conclusions reached*.' Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision.") (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)) (emphasis added); *cf. Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) ("The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.") (citation omitted); *Dixon v. Astrue*, 312 Fed. App'x 226, 229 (11th Cir. Fed. 13, 2009) (per curiam) (after noting,"'[w]hile we may not supply a reasoned basis for [an] agency's action that the agency itself has not given, we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned[,]'" vacating a district court's decision to affirm the ALJ where "the ALJ's path [was] not reasonably discernible") (quoting *Zahnd v. Secretary, Dep't of Agric.*, 479 F.3d 767, 773 (11th Cir. 2007)).

Such linkage, moreover, may not be manufactured speculatively by the Commissioner—using "the record as a whole"—on appeal, but rather, must be clearly set forth in the ALJ's decision. *See, e.g., Durham v. Astrue*, Civil Action No. 3:08CV839-SRW, 2010 WL 3825617, at *3 (M.D. Ala. Sep. 24, 2010) (rejecting the Commissioner's request to affirm an ALJ's decision because, according to the Commissioner, overall, the decision was "adequately explained and supported by

substantial evidence in the record"; holding that affirming that decision would require that the court "ignor[e] what the law requires of the ALJ[; t]he court 'must reverse [the ALJ's decision] when the ALJ has failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted'") (quoting *Hanna*, 395 Fed. App'x at 636 (internal quotation marks omitted)); *see also id.* at *3 n.4 ("In his brief, the Commissioner sets forth the evidence on which the ALJ *could have* relied . . . . There may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion]. However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support. Here, the court does not hold that the ALJ's ultimate conclusion is unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct.") (emphasis in original).

   B. <u>Analysis.</u>

Given the standard set forth above, the Court must first determine whether the reasons articulated by the ALJ for not giving controlling weight to portions of the opinion of Dr. Hussain, a treating source, are supported by substantial evidence. *See, e.g., Thomas v. Astrue*, No. CA 11–0406–C, 2012 WL 1145211, at *9 (S.D. Ala. Apr. 5, 2012) ("Because the undersigned finds that the ALJ did not explicitly articulate an adequate reason, supported by substantial evidence, for rejecting a portion of [the treating physician's] PCE assessment, this Court must necessarily find that the ALJ's RFC

13

determination is not supported by substantial evidence."). A finding that the ALJ failed to articulate reasons, supported by substantial evidence, for rejecting a treating source's opinion, or a portion thereof, ends the Court's review of an ALJ's RFC determination.

> As to treating sources, one district court outside of this Circuit has said:
>
> In every case, a treating physician will have greater access to the medical records, and more familiarity with the patient and his condition than will an examining physician or a physician who merely reviewed the record evidence. This is the reason for the treating physician rule whereby greater deference is usually accorded to the opinion of a treating physician than the opinion of a physician who has only examined the patient one time or the opinion of a physician who has merely reviewed the medical records. This is the reason the courts require an ALJ to provide specific, legitimate reasons for discounting a treating physician's opinion.

*Vine v. Astrue*, Civil Action No. 09-2212-KHV-GBC, 2010 WL 2245079, at *11 (D. Kan. May 11, 2010) (internal citations omitted), *report & recommendation adopted*, 2010 WL 2245076 (D. Kan. June 2, 2010). And the law in this Circuit is that

> [t]he opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997). Good cause is shown when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). Where the ALJ articulate[s] specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. *Moore* [*v. Barnhart*], 405 F.3d [1208,] 1212 [(11th Cir. 2005)].

*Gilabert*, 396 Fed. App'x at 655.

The ALJ here acknowledged the treating status of Dr. Hussain, noting that the plaintiff "has been treated for the severe impairments by Ikram Hussain, M.D.

> Based on his treatment of the claimant, Dr. Hussain[] assessed that the claimant could lift and carry twenty pounds occasionally and ten pounds frequently. She can sit for eight hours in an eight hour workday and stand and/or walk for six hours in an eight hour workday. She does not require an assistive device to ambulate. She can frequently push or pull arm or leg controls and operate a motor vehicle. She can rarely bend or stoop and can rarely tolerate exposure to environmental pollutants. She can *occasionally* climb stairs or ladders, balance, *perform gross manipulation and fine manipulation*, reach, and work with or around hazardous machinery. Dr. Hussain further assessed that the claim would likely be absent from work two days per month as a result of her impairments or treatment.

(R. 22 (internal citations omitted and emphasis added); *see also* R. 222 (Physical Capacities Evaluation (or "PCE") completed by Dr. Hussain on February 24, 2010, in which he made the above findings).)

> The ALJ then noted that
>
> Dr. Hussain's *opinion is generally consistent with the record*, but the assessment that [the plaintiff] would need [to] miss work two days per month is not substantiated by the record. While the claimant receives Humira injections every two months, there is no evidence that she would need to miss a full day of work for these injections. Additionally, the restriction that the claimant can rarely bend or stoop and can rarely tolerate exposure to environmental pollutants is not fully supported by the medical evidence of record. The claimant has required little treatment for the asthma and continues to smoke. She is able to care for a seven year old child which requires some bending and stooping. ***The remainder of [Dr. Hussain's] opinion is generally consistent with the record and is given some weight.***

(R. 22-23 (emphasis added).)

The ALJ incorporated into her RFC some of the restrictions—*e.g.*, the plaintiff can lift 20 lbs. occasionally and 10 lbs. frequently and occasionally climb stairs—imposed by Dr. Hussain's February, 2010 PCE. (*Compare* R. 18, *with* R. 22 & 222.) The ALJ,

15

moreover, "articulated specific reasons for failing to give [portions of] the opinion of [Dr. Hussain] controlling weight[.]" *Gilabert v. Commissioner of Soc. Sec.*, 396 Fed. App'x 652, 655 (11th Cir. Sept. 21, 2010) (per cuiam) ("Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error."). The ALJ, however, did not "articulate[] specific reasons for failing to give [other portions of] the opinion of [Dr. Hussain] controlling weight[,]" *id.*, and, in fact, stated that "[t]he remainder of [Dr. Hussain's] opinion is generally consistent with the record and is given some weight[]" (R. 23). The other portions of Dr. Hussain's opinion, presumably "generally consistent with the record" and not specifically addressed by the ALJ include limiting the plaintiff to *occasional* gross manipulation (grasping, twisting and handling) and, moreover, *occasional* fine manipulation (finger dexterity).[5] (*Compare* R. 22-23, *with*

---

[5] Based on the testimony of the vocational expert (the "VE"), limiting the plaintiff to occasional gross manipulation (grasping, twisting and handling) and, moreover, occasional fine manipulation (finger dexterity) are critical to determining whether the plaintiff is able to perform her past relevant work. At the hearing, the VE offered, in part, the following testimony:

> Q. [by the ALJ]    I need to ask that you'll assume we have an individual with the same work history as you've already described for Ms. Clark. I'm going to ask that you assume further that the individual is limited in the following fashion: lifting and carrying, no more than 20 pounds occasionally and 10 pounds frequently; standing and walking, no more than 30 minutes at a time and no more than two hours total in an eight-hour workday; no more than occasional operation of foot controls, climbing stairs or ramps, and bending and stooping; rarely kneeling, crouching, and crawling; never climbing ladders, scaffolds, and ropes; working on unprotected heights or dangerous equipment; temperature extremes, humidity and wetness, or exposed to concentrated environmental

R. 222.) Because the ALJ did not articulate any reason—much less an adequate reason, supported by substantial evidence—for rejecting this portion of Dr. Hussain's PCE assessment, "this Court must necessarily find that the ALJ's RFC determination is not supported by substantial evidence[,]" *Thomas*, 2012 WL 1145211, at *9, and order that the Commissioner's decision be reversed and remanded for further consideration.

Further, the Court cannot accept the argument of the Commissioner on appeal that "[t]he ALJ reasonably found that this aspect of Dr. Hussain's opinion[—limitation to occasional gross and fine manipulation—]was not consistent with the record[.]"  (Doc. 14 at 10.)  Quite simply, that is not what the ALJ found.  What the ALJ found was that, other than the findings (1) that the plaintiff will miss two day per month; (2) that the plaintiff can rarely bend or stoop; and (3) that the plaintiff can rarely tolerate exposure to

---

pollutants.  With these restrictions, in your opinion could an individual perform any of the work that Ms. Clark has performed in the past?

A.          Yes ma'am.  Only the sedentary order clerk.

Q.          *Now let's use the same hypothetical, but now I'm going to limit fingering – bilateral fingering – to no more than occasional.*

A.          Yes ma'am.

Q.          With all the other restrictions normally you'd be able to identify jobs, would such an individual be able to perform any of the work that Ms. Clark has performed in the past?

A.          *No ma'am.*  Could not do the order clerk work.  The other jobs have already been eliminated.

(R. 55-57 (emphasis added).)  Thus, based on the VE's testimony, had the ALJ adopted Dr. Hussain's opinion as to the manipulation restrictions, the ALJ could not have found that the plaintiff was able to perform her past relevant work.

environmental pollutants, Dr. Hussain's "opinion[—including, necessarily, as to manipulation restrictions—]is generally consistent with the record and is given some weight." (R. 22-23.) The Commissioner's brief goes on to offer reasons why the ALJ *could have* found the manipulation aspect of Dr. Hussain's opinion inconsistent with the record (*see* Doc. 14 at 10), but this Court of course may not speculate as to reasons not specifically provided by the ALJ. Doing so would be tantamount to "deciding the facts anew or re-weighing the evidence." *Davison*, 370 Fed. App'x at 996; *see also Durham*, 2010 WL 3825617, at *3 n.4 (rejecting the Commissioner's attempt, on appeal, to "set[] forth the evidence on which the ALJ *could have* relied" and noting that while "[t]here may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion,] the ALJ did not state his reasons[; thus,] the court cannot evaluate them for substantial evidentiary support") (emphasis in original).

## Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying the plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this

Court's jurisdiction over this matter.

    **DONE** this the 19th day of July, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**
